ORIGINAL



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUSTIN NUNEZ,
         Plaintiff,
    -v-
THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT, **COMPLAINT**
AND TWO UNKNOWN NEW YORK CITY
POLICE OFFICERS,
         Defendants.

Civil Action No. KUNTZ, J.

CV 14 4035
BLOOM, M.J.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, JUSTIN NUEZ, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its 1st, 4th, 8th, and 14th Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, and such other and further relief as this Court deems just and proper.

## JURISIDCTION & VENUE

2. This is a civil action authorized by 42 U.S.C. Sections 1983 and 1988, and the 1st, 4th, 8th, and 14th Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. Section 1367, over any and all state law claims and as against all parties that are so related to claims in this action with the original jurisdiction of this court that they form part of the same case or controversy.

1 917-832-2286

4.     Venue is this District is proper under 28 U.S.C. Section 1391(b) and (c) in that although Defendant THE CITY OF NEW YORK is administratively located with the Southern District of New York, and the events giving to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

5.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6.     At all times relevant to this action Plaintiff JUSTIN NUNEZ was a resident of Queens County, New York, and still resides in Queens, New York.

7.     Defendants THE CITY OF NEW YORKis and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendants Police Officer JOHN DOE ONE, and Police Officer JOHN DOE TWO.

8.     Defendant DOE ONE and DOE Two were at all times relevant herein duly appointed as acting officers, servants, employees and agents of the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), a municipal agency of Defendant CITY OF NEW YORK. At all times relevant herein, the individual defendants were acting under color of the law, statutes, ordinances, regulations, policies, customs and/or usages of the State of

New York and the NYPD, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK, and the NYPD, and were otherwise performing and engaging in conduct incidental to the perform of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

9. By the conduct, acts, and omissions complained of herein, Defendants DOE ONE and DOES TWO violated clearly established constitutional standards under the 1st, 4th, 8th and 14th Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

## NOTICE OF CLAIM

10. Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff's claims against the Defendants.

11. The City assigned a claim number to Plaintiff's claim.

12. To date, no answer has been received by Plaintiff and no compensation has been offered by Defendants in response to this claim. To be sure, Plaintiff has not so much as received a denial or proof that the case was investigated as the Comptroller stated it would.

## STATEMENT OF FACTS

13. On January 18, 2012, at approximately 8:30 AM, PLAINTIFF (MR. NUNEZ) was awoken by the sound of a boom. As MR. NUNEZ sat up on the end of the bed to clear his head, Defendant JOHN DOE ONE wearing a helmet and armed with a shield, entered the doorway and shouted for MR. NUNEZ to freeze and then immediately rushed at MR. NUNEZ. Without provocation, JOHN DOE ONE pushed the shield at MR. NUNEZ,

whose hands went to block the blow (which resulted in MR. NUNEZ receiving lacerations to his forearms from the attempt to block the shield).

14. Suddenly, MR. NUNEZ was grabbed from the side by JOHN DOE TWO who, also without provocation by MR> NUNEZ, slammed MR. NUNEZ' head into a wall from which a glass framed picture hung. MMR. NUNEZ' head broke the glass picture causing significant pain and an abrasion to his forehead. Blood was everywhere. JOHN DOE ONE AND TWO p then sat me on my bed.

15. At that time, MR> NUNEZ asked the defendants what was wrong to which defendants stated they had a search warrant and were looking for a "GUN". MR. NUNEZ stated that he did not own a gun, and asked to see the search warrant. Defendants stated okay, but never showed MR. NUNEZ the search warrant.

16. It is not a mystery that after the search no gun was found, but still MR. NUNEZ was arrested and charged with marijuana in the fifth degree.

17. After the arrest MR. NUNEZ was immediately transported to the hospital where he received treatment for violent attacked inflicted upon him by Defendant JOHN DOE ONE and JOHN DOE TWO.

18. At no time during the course of the search did MR. NUNEZ pose a threat to the safety of the Defendants or anyone else. MR. NUNEZ was not engaging in any criminal activity.

19. The conduct of the Defendants in using force against him was totally without probable cause, was excessive, and was done maliciously, falsely and in bad faith. He fifth degree marijuana charges were subsequently dismissed.

20. As a result of the events alleged herein, and due directly of the actions taken by the individual Defendants, MR. NUNEZ suffered injury, physical pain, emotional trauma, discomfort, humiliation, fear, anxiety and embarrassment, among other things.

## CAUSES OF ACTION

### FIRST CLAIM: EXCESSIVE FORCE

### DEPRIVAITON OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. Section 1983

21. MR. NUNEZ re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

22. The conduct and actions of Defendants Police Officer JOHN DOE ONE and Police Officer JOHN DOE TWO, acting in concert and under color of law, in authorizing, directing and/or causing MR. NUNEZ by attacking him with a police shield and slamming Mr. NUNEZ into a glass painting was excessive and unreasonable, was done intentional, willfully, maliciously, with a deliberate indifference and/or reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of MR. NUNEZ' rights as guaranteed under 42 U.S.C. Section 1983, and the 4th and 14th Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

23. As a direct and proximate result of the foregoing, MR. NUNEZ was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SECOND CLAIM:

## *MONELL* CLAIM AGAINST THE CITY OF NEW YORK- 42 U.S.C. Section 1983

24. MR. NUNEZ re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

25. The CITY OF NEW YORK directly caused the constitutional violations suffered by MR. NUNEZ, and is liable for the damages suffered by MR. NUNEZ as a result of the conduct of the defendant officers. The conduct of the defendant police officers was a direct consequence of policies and practices of Defendant CITY OF NEW YORK.

26. At all times relevant to this complaint Defendant CITY OF NEW YORK, acting through the NYPD, had in effect policies practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained herein.

27. The CITY OF NEW YORK knew or should have known of the defendants officers' propensity to engage in misconduct of the type alleged herein, especially when Defendant CITY OF NEW YORK failed to so much as investigate the nature of MR. NUNEZ' claim or even notify him in some manner.

28. It was the policy and/or custom of the CITY OF NEW YORK to inadequately and improperly investigate citizen complaints of misconduct, and acts of misconduct were instead tolerated by the CITY OF NEW YORK, including, but not limited to the type of invasion, beating and arrest of MR. NUNEZ.

29. It was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise and discipline its police officers, including defendants Police Officer JOHN DOE ONE, and Police Officer JOHN DOE TWO, thereby failing to adequately discourage

further constitutional violations on the part of its police officers. The CITY did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

30.     As a result of the above described policies and customs, Defendant JOHN DOE ONE and JOHN DOE TWO, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31.     The wrongful polices, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of MR. NUNEZ' rights alleged herein.

## THIRD CLAIM: ASSAULT AND BATTERY
## COMMON LAW CLAIM

32.     MR. NUNEZ re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

33.     By the conduct and actions described above, Defendant JOHN DOE ONE and JOHN DOE TWO inflicted the torts of assault and battery upon MR. NUNEZ. The acts and conduct of Defendant JOHN DOE ONE and JOHN DOE TWO were the direct and proximate cause of injury and damage to MR. NUNEZ and violated MR. NUNEZ' statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

34.     Defendant JOHN DOE ONE and JOHN DOE TWOs acts constituted an assault upon MR. NUNEZ that JOHN DOE ONE and JOHN DOE TWO intentionally injured

MR. NUNEZ and committed a battery upon him, and further that both defendants acts represented a grievous affront to MR. NUNEZ.

35. The acts of Defendants JOHN DOE ONE and JOHN DOE TWO constituted a battery upon MR. NUNEZ in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

36. The actions of Defendants JOHN DOE ONE and JOHN DOE TWO were intentional, reckless, and unwarranted, and without any just cause or provocation, and both defendants JOHN DOE ONE and JOHN DOE TWO knew, or should have known, that their actions were without the consent of MR. NUNEZ.

37. The injuries sustained by MR. NUNEZ were caused wholly and solely by reason of the conduct described, and MR. NUNEZ did not contribute thereto.

38. As a direct and proximate result of the foregoing, MR. NUNEZ was subjected to great physical and emotional pain and humiliation, was deprived of liberty, and otherwise damaged and injured.

## FOURTH CLAIM: INFLICTION OF EMOTIONAL DISTRESS
## COMMON LAW CLAIM

39. MR. NUNEZ re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

40. Defendants JOHN DOE ONE's conduct, in ramming his police shield barrier into MR. NUNEZ at close range, and JOHN DOE TWO's conduct of slamming MR. NUNEZ's head into a glass painting, both without provocation or justification, were extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency, especially in the confines of one's home.

41. Defendant JOHN DOE ONE' and JOHN DOE TWOs conduct, described above, was intended to and did cause severe emotional distress to MR. NUNEZ.

42. The conduct of defendant JOHN DOE ONE and JOHN DOE TWO were the direct and proximate cause of injury and damage to MR. NUNEZ and violated his statutory and common law rights as guaranteed by the laws and constitution of the State of New York.

43. As a result of the foregoing, MR. NUNEZ was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## FIFTH CLAIM:NEGLIGENCE

## COMMON LAW CLAIM

44. MR. NUNEZ re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

45. Defendants JOHN DOE ONE and JOHN DOE TWO, while acting as agents and employees for Defendant CITY OF NEW YORK, in their capacity as police officers for the CITY OF NEW YORK, owed a duty to MR. NUNEZ to perform their police duties without the use of excessive force. Defendants JOHN DOE ONE and JOHN DOE TWO's use of force upon MR. NUNEZ, when MR. NUNEZ was unarmed and did not pose a threat of death or grievous bodily injury to either of the defendants or others constitutes negligence for which defendants JOHN DOE ONE and JOHN DOE TWO are both individually liable.

46. Defendants JOHN DOE ONE and JOHN DOE TWO's use of force upon MR. NUNEZ when neither of the Defendants had no lawful authority to use force against MR.

NUNEZ constitutes negligence for which JOHN DOE ONE and JOHN DOE TWO are both individually liable.

47. As a proximate result of Defendants JOHN DOE ONE and JOHN DOE TWO's negligent use of excessive force, MR. NUNEZ sustained physical and emotional pain and suffering, and was otherwise damaged and injured.

## SIXTH CLAIM: RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE VIOLATIONS

### COMMON LAW CLAIM

48. MR. NUNEZ re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

49. The conduct of Defendants JOHN DOE ONE and JOHN DOE TWO alleged herein occurred while they were both duty and in uniform, n and during the course and scope of their respective duties and functions as NYPD police officers, and while they were both acting as agents, officers, servants and employees of Defendant CITY OF NEW YORK. As a result, Defendant CITY OF NEW YORK is liable to MR. NUNEZ pursuant to the state common law doctrine of respondeat superior.

## SEVENTH CLAIM: NEGLIGENT SUPERVISION, RETENTION AND TRAINING

### COMMON LAW CLAIM

50. MR. NUNEZ re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

51. Defendant CITY OF NEW YORK negligently trained, retrained, and supervised Defendants JOHN DOE ONE and JOHN DOE TWO. The acts and conduct of Defendants JOHN DOE ONE and JOHN DOE TWO were the direct and proximate cause

of injury and damage to MR. NUNEZ and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52.     As a result of the foregoing, MR. NUNEZ was deprived of his liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

**WHEREFORE,** MR. NUNEZ demands the following relief jointly and severally against all of the Defendants.

   a. Compensatory damages in the amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. The convening and empanelling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorney's fees;

   e. Such other and further relief as this Court may deem just and proper.

Dated: Astoria, New York
~~June 23, 2014~~
June 27, 2014
J.N

_____
JUSTIN NUNEZ, Plaintiff *Pro Se*
12-15 36th Avenue, apt#3C
Astoria, New York 11106

### VERFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Astoria, New York on ~~June 23, 2014~~ June 27, 2014 - J.N

_____
JUSTIN NUNEZ