UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JUSTIN NUNEZ,

                      Plaintiff,

-against-                                      **DECISION**
                                                             **AND ORDER**

THE CITY OF NEW YORK; NEW YORK CITY        14-CV-04035 (WFK)(LB)
POLICE DEPARTMENT; and TWO UNKNOWN
NEW YORK CITY POLICE OFFICERS,

                      Defendants.
---------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

      On June 27, 2014, Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the City of New York, its police department, and two of its police officers alleging excessive force. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. However, the claims against Defendants New York City and New York City Police Department are dismissed. The claims raised against the individual Defendants may proceed as set forth below. The Clerk of Court shall send a copy of the Complaint and this Order to the New York City Law Department and a copy of this Order to Plaintiff.

## FACTUAL BACKGROUND

      Plaintiff alleges that on January 18, 2012, he was awakened by the sound of a "boom." Dkt. 1 ("Compl.") ¶ 13. Before him was Defendant "John Doe One wearing a helmet and armed with a shield." *Id.* John Doe One allegedly told Plaintiff to freeze and then rushed at him. *Id.* Plaintiff suffered "lacerations to his forearms from the attempt to block the shield." *Id.* Then, Defendant "John Doe Two . . . slammed [Plaintiff's] head into a wall from which a glass framed picture hung," breaking the glass and causing "an abrasion to his forehead." *Id.* ¶ 14. Defendants John Doe One and John Doe Two, both New York City police officers, stated that they had a search warrant and were looking for a gun, but failed to produce a search warrant. *Id.* ¶¶ 8, 15. The officers found no gun, but Plaintiff was arrested and charged with "marijuana in the fifth

1

degree," though it was later dismissed. *Id.* ¶¶ 16, 19. Plaintiff was transported to an unidentified hospital and treated for the "violent attack[] inflicted upon him" by Defendants. *Id.* ¶ 17. Plaintiff now sets forth claims for excessive force, a *Monell* claim against the City of New York, and the following state law claims: assault and battery, infliction of emotional distress, negligence, respondeat superior liability and negligent supervision and training.

## DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's *pro se* pleadings liberally, particularly so when they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted), a complaint still must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

2

555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**B. Plaintiff's Claims against the Municipal Defendants Fail**

Plaintiff brings this action pursuant to 42 U.S.C. §1983. In order to maintain a claim under 42 U.S.C. §1983, Plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

### 1. *City of New York*

To state a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 689 (1978)); *see also Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury.") (citation and internal quotation marks omitted), *cert. denied*, —— U.S. ——, 132 S.Ct. 1741 (2012). A single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless a plaintiff can establish that it was caused by an existing, unconstitutional municipal policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). "[L]ocal governments are responsible only for their own illegal acts. They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, —— U.S. ——, 131 S.Ct. 1350, 1359 (2011) (internal citations and quotation marks omitted). Because Plaintiff has not alleged a policy or practice attributable to the City that could plausibly confer *Monell* liability, the § 1983 claim against the City of New

3

York is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. *New York City Police Department*

Plaintiff also names the New York City Police Department ("NYPD") as a defendant. However, the NYPD is a non-suable agency of the City of New York. *Jenkins v. City of New York*, 06-CV-0182, 2007 WL 415171, at *11 n.19 (2d Cir. Feb. 6, 2007) (internal citation omitted); *see also Araujo v. City of New York*, 08-CV-3715, 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010) (Matsumoto, J.). Therefore, Plaintiff's § 1983 claim against the NYPD is dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

### 3. *Unknown Defendant Officers*

Plaintiff's claims against the unknown police officers involved in his arrest, John Doe One and Two, may proceed. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court requests that Corporation Counsel ascertain the full names and service addresses of the two police officers involved in plaintiff's arrest on January 18, 2012 at approximately 8:30 a.m. While the Court possesses few identifying facts about the location of the arrest or the police precinct that was involved, the Court notes that Plaintiff provides a current mailing address of 12-15 36th Avenue, Apartment 3C, Astoria, New York 11106, and the Complaint indicates that Plaintiff was asleep and "in bed" at the time of the incident. The Complaint also states that Plaintiff was charged with possession of marijuana in the fifth degree and that the charges were subsequently dismissed. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture; this Order merely provides a means by which Plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

## CONCLUSION

Plaintiff's 42 U.S.C. § 1983 claims against New York City and NYPD are DISMISSED

without prejudice for failure to state a claim on which relief may be granted. Any state law claims against them are also dismissed without prejudice. Plaintiff's § 1983 claims and state law claims against John Doe One and Two may proceed. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) Corporation Counsel is hereby requested to produce the information specified above regarding the identity and service address of these two Defendants within thirty days of this Order. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of the Defendants, summonses shall be issued, and the Court shall direct service on the Defendants. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

William F. Kuntz, II
United States District Judge

Dated: August 20, 2014
Brooklyn, New York